KATHY L. HENRY
7047 E Greenway Pkwy Suite 250
Scottsdale, AZ 85254
Telephone: 480-487-5635
Email: AttnyKathy@gmail.com
Attorney for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF  ARIZONA

| | |
|---|---|
| United States of America,<br><br>          Plaintiff,<br><br>     v.<br><br>Ariela Melissa Leyva,<br><br>          Defendant. | Case No. 23-CR-01459-PHX-DLR<br><br>**DEFENDANT'S SENTENCING MEMORANDUM** |

Defendant, Ariela Melissa Leyva, through her counsel, Kathy L. Henry, respectfully submits Defendant's Sentencing Memorandum. Ms. Leyva is scheduled to appear in front of the Court for sentencing on May 20, 2024, at 11:30 a.m., before Judge Douglas L. Rayes.

Respectfully submitted this 20th day of May 2024.

> _s/ Kathy L. Henry_
> KATHY L. HENRY
> Attorney for Defendant

1

**MEMORANDUM**

Defendant Ariela Melissa Leyva respectfully requests that this Court consider a downward variance under 18 U.S.C. § 3553(a) based on the nature and circumstances of the offense and the history and characteristics of Leyva. In presenting this request, Counsel for Defendant underscores the vital need for the Court to carefully consider the presence of mitigating factors, urging a comprehensive assessment to determine an appropriate sentence for Defendant Leyva.

## I.    PROCEDURAL HISTORY

On October 24, 2023, a three-count indictment was filed charging Defendant, Ariela Melissa Leyva, with three counts of Material False Statement During the Purchase of a Firearm, in violation of 18 U.S.C. §§ 922(a)(6) and 924(a)(2). On March 1, 2024, under the terms of a plea agreement, Ms. Leyva entered a guilty plea to Count 2 of the indictment.

The Presentence Report calculates Ms. Leyva's Criminal History Category as I and her total offense level as 19, resulting in an advisory guideline imprisonment range of 30 months to 37 months (See PSR page 11). The government recommends that Ms. Leyva be sentenced to a term not to exceed the low end of the sentencing range. The government also recommends a three-level reduction for acceptance of responsibility pursuant to USSG §3E1.1.The probation recommends 10 months. Ms. Leyva respectfully requests that this Honorable Court impose a sentence of five months.

## II.    STATEMENT OF FACTS

Defendant Ariela Leyva is a 29-year-old Arizona native who has spent her entire life in the Phoenix area. She is employed full-time at WSS Shoe in Phoenix Arizona, where she has been employed since September 2022. Ms. Leyva is a single mother with three children ages 6,7, and 9.  She and her three children reside together in her mother's home.

Defendant Leyva's participation in the offense was driven primarily by her urgent need for financial resources to support her children. At the time of involving herself in the instant offense, Ms. Leyva, an unmarried single parent, was experiencing hard times. She was earning less than $2,000.00 per month, and she received no support from the children's father, who has

a history of substance abuse and has not visited, supported, or participated in the minor children's lives for over a year. Ms. Leyva was introduced to illicit activities by an acquaintance she met at her cousin's house. She saw it as a desperate means to improve her financial situation, unaware of the risks involved.

Defendant Leyva's motivations extended beyond mere financial struggles; she also endured coercion from a criminal cartel that had previously harmed her cousin. This persistent threat cast a shadow of fear over her, both for her own safety and that of her loved ones. Fear played a significant role in shaping Defendant Leyva's decisions, often leading her into transactions primarily driven by the dread of consequences rather than any hope of compensation. Despite not being compensated for all her actions, her conduct was primarily motivated by fear, especially considering her cousin's situation. The transactions involving illegal immigrants were just one facet of a larger criminal scheme involving individuals she had encountered. Nevertheless, Ms. Leyva is resolute in her commitment to ensuring that such actions do not recur.

Defendant Leyva acknowledges and accepts responsibility for her past indiscretions, and she is committed and ready to make the changes necessary to change her life. Ms. Leyva seeks the Court's consideration of a sentencing approach that not only holds her accountable for her actions but also offers a path toward genuine transformation and societal reintegration.

## III.    DISCUSSION

The Supreme Court's ruling in *United States v. Booker* abolished the mandatory nature of the Federal Sentencing Guidelines, making them advisory. *United States v. Booker*, 543 U.S. 220, 245 (2005). Subsequently, sentencing courts were tasked with imposing a sentence "sufficient, but not greater than necessary," pursuant to 18 U.S.C. § 3553(a). *United States v. Kimbrough*, 552 U.S. 85, 101 (2007). The Supreme Court has since confirmed that evidence providing a complete, "up-to-date picture of [a defendant's] 'history and characteristics'" "is relevant to the selection of an appropriate sentence." *Pepper v. United States*, 562 U.S. 476, 492 (2011). *Pepper* emphasized that the sentencing court must "consider every convicted person as an individual" and fashion a punishment that "fit[s] the offender and not merely the crime." *Id.* at 487.

Counsel for the Defendant contends that the 10 month custody sentence, as suggested in the Presentence Investigation Report, is excessive and may not be necessary for delivering appropriate punishment and fostering respect for the law in this instance only, particularly considering the circumstances involving Ms. Leyva's involvement in this matter. Defendant Leyva is remorseful, embarrassed and deeply regrets her decision. She realizes the seriousness of her actions as well as the hardship that her family would face if she receives a sentence of incarceration.

Defendant Leyva is committed to actively participating in her children's lives and recognizes the need to set a better example for them. She regrets letting her family down by her involvement in this matter and accepts full responsibility for her conduct. The pain the Defendant has put her family through with this ordeal and the shame she carries is a burden that she must live with for the rest of her life, and she has more than learned from her mistakes. Defendant Leyva is determined to make the most of her future within the bounds of the law and is committed to restoring her reputation in the eyes of her loved ones.

Defendant Leyva is mature, is highly remorseful, and knows that her actions were dangerous and inexcusable. She is committed to personal growth and obtaining the treatment and training she needs to become a productive member of society. The defendant is also committed to never putting her family in such a position again. Defendant Leyva's family is very important to her and the thought of being taken away from them for a substantial period is not something she wants to experience again. Therefore, Defendant Leyva understands she can never have another lapse of judgment. Given Defendant's remorse, acceptance of responsibility, and strong family ties, Defendant requests that this Honorable Court sentence her below the advisory guidelines.

## IV. CONCLUSION

Defendant Ariela Leyva respectfully requests that this Court consider a downward variance in recognition of her acceptance of responsibility. While we do not seek leniency based solely on the grounds of Ms. Leyva's struggles, we implore the court to consider the potential for rehabilitation and redemption. Should the Court consider a variance, it would allow Ms. Leyva's sentencing to be tailored to her individual needs while allowing the court to

focus more on rehabilitating her rather than simply punishing her.  It would allow Ms. Leyva the opportunity to reenter society and take up a productive and law-abiding life.  Ms. Leyva would like to turn her life around and is dedicated to making a positive contribution to society if given another chance. On Ms. Leyva's behalf, we are respectfully asking this Court to give her deference and a renewed chance at life.

Respectfully submitted this 20th day of May, 2024.

_____
KATHY L. HENRY
Attorney for Defendant

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on this date, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECFregistrant: Patrick Chapman, *Assistant United States Attorney.*