GARY M. RESTAINO
United States Attorney
District of Arizona

PATRICK E. CHAPMAN
Assistant U.S. Attorney
Arizona State Bar No. 025407
Two Renaissance Square
40 North Central Avenue, Suite 1800
Phoenix, Arizona 85004
Telephone: (602) 514-7500
E-mail: Patrick.Chapman@usdoj.gov
*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| United States of America, | Case No.  CR-23-01459-PHX-DLR |
|---|---|
| Plaintiff, | |
| v. | **UNITED STATES' SENTENCING MEMORANDUM** |
| Ariela Melissa Leyva, | |
| Defendant. | |

The United States recommends that the Court sentence the defendant to no greater than 10 months' imprisonment.

### I.    BACKGROUND

On July 31, 2023, ATF began investigating Ariela Leyva after she purchased an Ohio Ordnance M2-SLR .50 caliber belt-fed rifle from Hernandez Pawn in Phoenix. Although ATF only obtained a partial Form 4473 at the time, they noted that Leyva listed her height and weight as 4'11" and 112 pounds and purchased a firearm that weighed as much or more than her. On August 1, 2023, HSI arrested Leyva on a warrant related to a human smuggling and transported her to the HSI Casa Grande station. ATF responded to the station and interviewed her about her firearms purchases.

Following *Miranda*, Leyva admitted that her cousin recruited her to straw-purchase firearms for "Kevin." She explained that Kevin was a dark-skinned Hispanic male from Chihuahua whose brother has a house near 67th Avenue and Lower Buckeye Road. Leyva

stated that her cousin tried to buy a large firearm and did not pass the background check, so she recruited Leyva. This was corroborated by ATF records, which showed that her cousin attempted to purchase an M249 on December 3, 2022. Leyva said that her cousin kept the money the cartel had paid her for the M249, and when her cousin traveled to Mexico, the cartel cut off one of her fingers. The cousin apparently sent Leyva a video of a finger being cut off.

Leyva told agents she purchased three firearms for Kevin: one "large gun" and two handguns. She said that she purchased the two pistols from Aztec Pawn on 75th Avenue in Phoenix. ATF records (Form 4473s) confirmed her statements, showing the following transactions:

| Date | Location | Firearm |
| --- | --- | --- |
| December 21, 2022 | Aztec Pawn | Glock 19x |
| March 13, 2023 | Hernandez Pawn | Ohio Ordnance M2-SLR .50 caliber rifle |
| April 15, 2023 | Aztec Pawn | Beretta 92x |

Leyva told agents that "Kevin" paid her $1000 to purchase the rifle and that she knew she was buying guns for someone who was going to take them to Mexico to be used by drug-trafficking organizations. At some point, Leyva stopped buying for Kevin because he was yelling and pressuring her to buy more large guns.

Leyva told agents she was confused as to why the gun store would let her buy such a powerful firearm. She also stated that the employees helped her load it into her car. Following the rifle transfer, Kevin made Leyva send a picture of the rifle. She then drove to Kevin's brother's house to drop off the firearm. Leyva repeated that Kevin was pressuring her to buy more guns and asked her how much he needed to pay her for her to quit her job and only buy firearms for him.

In October 2023, the United States indicted Leyva on three counts of 18 U.S.C. § 922(a)(6), for Material False Statements During the Purchase of a Firearm. On March 1,

2024, Leyva pleaded guilty to Count 2 of the Indictment for the .50 caliber rifle purchase. The plea stipulated to a low-end cap.

## II.    GUIDELINE CALCULATIONS

The PSR correctly calculates the defendant's Total Offense Level at 19, Criminal History Category at I, and sentencing range at 30-37 months, following adjustments for the number of firearms, trafficking in firearms to Mexico, and acceptance of responsibility. (PSR at ¶ 17-19, 25-27.) The PSR recommends a varied sentence of ten months. (*Id*. at p. 15.)

## III.    ANALYSIS

The United States agrees with the PSR that a variance is appropriate here and recommends that the Court sentence the defendant to no greater than ten months in prison. This recommendation is appropriate for several reasons. First, the defendant received an eight-level adjustment for trafficking firearms and trafficking firearms to Mexico. These adjustments, while supported, were based on the defendant's statements to ATF agents in an interview. Such honesty should be encouraged, especially in a case like this involving a small number of firearms and limited criminal activity. Had the defendant only received a two-level adjustment for the number of firearms, her sentencing range would have been 10-16 months at Level 12. The PSR appears to account for this in its varied recommendation.

Second, the defendant lacks any criminal sophistication and was likely targeted for her naiveté. This was apparent in her conduct in this case as well as her court proceedings. Indeed, the defendant was not the original target of the investigation; rather, agents were interested in the people coordinating the straw purchases. But a deeper investigation into those subjects never materialized.

Finally, should the Court grant a variance to Level 12, a sentence of up to ten months would accord with similarly situated defendants. A review of the United States Sentencing Commission's Judiciary Sentencing Information (JSIN) shows that, from fiscal years 2019 to 2023, of the 1052 defendants sentenced under guideline § 2K2.1 with a Final Offense

Level of 12 and Criminal History Category of I, the average length of imprisonment was nine months, with a median of ten months. (*See* https://jsin.ussc.gov/analytics/saw.dll?Dashboard.) Of those 1052 defendants, 728, or 69%, were sentenced to prison. Thus, should the Court impose a prison sentence, the PSR's recommendation (and the government's recommended cap) would align with other defendants.

## IV.    CONCLUSION

Based on the above, the United States recommends a sentence of no greater than ten months' imprisonment. The defendant was honest and forthright with agents when interviewed about her firearms purchases. Her conduct warrants punishment, but as the PSR notes, a guideline sentence may be greater than necessary in this case. Accordingly, the United States supports a variance and asks that the defendant be sentenced to no more than ten months' imprisonment.

Respectfully submitted this 7th day of June, 2024.

GARY M. RESTAINO
United States Attorney
District of Arizona

*/s/ Patrick E. Chapman*
PATRICK E. CHAPMAN
Assistant United States Attorney

## CERTIFICATE OF SERVICE

I hereby certify that on the foregoing date, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing a copy to the following CM/ECF registrant:

*Kathy Henry, Attorney for Defendant*

*/s/ Patrick E. Chapman*
U.S. Attorney's Office